The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM INC., a Delaware
corporation, *et al.*,

    Plaintiffs,

v.

KATHY Q. HAO, an individual, *et al.*,

    Defendants.

NO. 25-cv-2000-RSL

**ORDER RESOLVING AMAZON'S
MOTION FOR AN ORDER TO
SHOW CAUSE BY STRIKING THE
MOTION TO DISMISS WITH
LEAVE TO REFILE AND
DECLINING TO IMPOSE
MONETARY SANCTIONS AT
THIS TIME**

    This matter comes before the Court on Defendant Kathy Q. Hao's motion to dismiss (Dkt. 6) and Plaintiffs Amazon.com Inc. and Amazon.com Services LLC's ("Amazon") motion for an order to show cause (Dkt. 13). Having reviewed the memoranda and exhibits submitted by the parties, the record of the case, and the relevant legal authority, the Court resolves Amazon's motion for an order to show cause by striking Hao's motion to dismiss

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 1

with leave to refile and declining to impose monetary sanctions at this time. The reasoning for the Court's decision follows.

Amazon initiated this action against Hao, four Chinese companies, and multiple other defendants in October 2025, alleging that defendants engaged in a coordinated scheme to abuse the United States Patent and Trademark Office's ("USPTO") trademark-registration process and Amazon's Brand Registry program. According to the complaint, defendants collectively obtained over 50,000 fraudulent trademark registrations, many of which were then used to gain improper access to the Brand Registry. Amazon alleges that Hao, a U.S.-licensed attorney, facilitated that scheme by allowing foreign trademark-service providers to use her name, signature, credentials, and/or USPTO account to file trademark applications that she had not meaningfully prepared, reviewed, or signed. Amazon further alleges that certain defendants used those fraudulently obtained trademarks to submit false intellectual-property complaints through the Brand Registry program, resulting in the removal or suppression of product listings in the Amazon.com store and causing harm to Amazon, its selling partners, and its customers.

Based on those allegations, Amazon asserts claims against various defendants for breach of contract, tortious interference with contractual relationships, violation of the Washington Consumer Protection Act, cancellation of a federal trademark registration,

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 2

violation of 15 U.S.C. § 1120, fraud, and violation of 17 U.S.C. § 512(f). Amazon seeks, among other relief, an order permanently enjoining defendants from continuing their allegedly fraudulent activities, damages and attorney's fees, and an order cancelling the registration for the JGAUZNR Trademark.

Hao, proceeding *pro se*, moves to dismiss the complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 6. She argues that Amazon has not alleged a concrete injury traceable to her conduct, that any harm was caused by independent third parties, that Amazon failed to state any viable federal or state-law claims, and that the action improperly attempts to transform Amazon's private Brand Registry program rules into a basis for civil liability. Amazon opposes the motion on the merits, arguing that the complaint adequately alleges injury, traceability, causation, fraud, statutory liability, and CPA injury. Dkt. 11. Amazon also filed a separate motion for an order to show cause after identifying what it describes as fabricated, nonexistent, miscited, and materially misstated authorities in Hao's motion. Dkt. 13.

The problems identified by Amazon are serious. It asserts that Hao's motion cites nonexistent cases, pairs real reporter citations with unrelated or nonexistent case names, attributes propositions to cases that do not support them, and misstates statutory and regulatory authorities. In response, Hao filed a notice of *errata* acknowledging that several

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 3

cited authorities in her motion were unreliable or incorrect and seeking to strike or correct those citations. Dkt. 14. In response to Amazon's order-to-show-cause motion, Hao further acknowledges that she had relied in part on artificial-intelligence-assisted research, along with Westlaw and other research platforms, and that she believed the authorities were reliable when she filed the motion. Dkt. 17. She also emphasizes that she is appearing *pro se*, that she practices primarily in transactional and immigration matters, that she lacks experience in federal civil litigation, and that she did not intend to mislead the Court.

Federal Rule of Civil Procedure 11 requires every motion presented to the Court to be signed by an attorney or, if the party is unrepresented, by the party personally. Fed. R. Civ. P. 11(a). By presenting a motion to the Court, the signer certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the legal contentions asserted therein are "warranted by existing law" or by a nonfrivolous argument for changing or extending the law. Fed. R. Civ. P. 11(b)(2). Thus, by signing or filing a motion, an attorney or unrepresented party certifies that the legal contentions in the motion are supported by an inquiry reasonable under the circumstances. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989); *see also*, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) ("[A] filing" is frivolous if it "is both baseless and made without a

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 4

reasonable and competent inquiry."). The standard is objective; subjective good faith is not a defense. *Business Guides*, 892 F.2d at 811.

Nor does Hao's *pro se* status excuse her failure to verify the legal authorities cited in her motion. The Ninth Circuit is clear that *pro se* litigants remain subject to Rule 11's objective standard. *Business Guides*, 892 F.2d at 811 ("[I]t is settled that pro se litigants are held to an objective standard of reasonableness under Rule 11."). And Hao is not a layperson; she is a licensed attorney. Hao's asserted lack of federal litigation experience, financial stress, and reliance on artificial-intelligence-assisted research do not excuse the filing of a motion containing unverified legal authorities. When a party files a motion supported by fabricated, nonexistent, or materially misstated authority, the Court and opposing counsel must expend time and resources identifying, investigating, and addressing those defects. That burden consumes limited judicial resources and delays consideration of the actual issues presented by the case. *See Parker v. Costco Wholesale Corp.*, 2025 WL 4228413, *9 (W.D. Wash. Nov. 7, 2025) (courts are facing a "tidal wave" of "fake citations" and "unverified generative AI outputs" that "prejudice[] clients, undermine[] faith in attorneys and the justice system, and compel[] diversion of public resources from pending cases").

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 5

Accordingly, the Court resolves Amazon's motion for an order to show cause (Dkt. 13) by STRIKING Hao's motion to dismiss (Dkt. 6) without prejudice to refiling.[1] Any renewed motion must be based only on legal authorities that Hao has personally reviewed and verified, must accurately represent the cited authorities, and must comply in all respects with Rule 11. The Court declines at this time to impose monetary sanctions, but Hao is warned that any future filing containing fabricated, nonexistent, miscited, or materially misstated authority may result in sanctions, including monetary sanctions, nonmonetary directives, striking of filings, or other relief the Court deems appropriate.

Dated this 15th day of June 2026.

Robert S. Lasnik
United States District Judge

[1] Amazon styles its motion as a request for an order directing Hao to show cause why sanctions or other relief should not issue. The Court does not find it necessary to enter a separate order to show cause before resolving the present issue. Hao's notice of *errata* acknowledges the citation errors, explains that she relied in part on artificial-intelligence-assisted research, and argues that the errors do not affect the substance of her motion. Hao also filed an opposition to Amazon's motion, again addressing the citation errors, her reliance on artificial-intelligence-assisted research, and the circumstances she contends led to the errors. Dkt. 17. Those filings provide a sufficient response for present purposes. In the interest of moving this case forward, and because the Court strikes the motion to dismiss without prejudice and declines to impose monetary sanctions at this time, the Court resolves Amazon's request for an order to show cause on the existing record.

ORDER RESOLVING AMAZON'S MOTION FOR AN ORDER TO SHOW
CAUSE BY STRIKING THE MOTION TO DISMISS WITH LEAVE TO REFILE
AND DECLINING TO IMPOSE MONETARY SANCTIONS AT THIS TIME

- 6