The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., *et al.*,

Plaintiffs,

v.

KATHY Q. HAO, *et al.*,

Defendants.

NO. 25-cv-2000-RSL

**ORDER DENYING DEFENDANT KATHY Q. HAO'S RENEWED MOTION TO DISMISS**

Before the Court is pro se defendant Kathy Q. Hao's ("Hao") Renewed Motion to Dismiss Plaintiffs' Complaint. Dkt. 32. Hao moves to dismiss the complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") oppose the

motion. Dkt. 36. Having reviewed the parties' submissions, the record of the case, and the relevant legal authority, the Court denies the motion for the reasons set forth below.

**BACKGROUND**

Amazon operates the Amazon.com online marketplace (the "Amazon Store"), through which Amazon and third-party sellers offer products for sale. In 2017, Amazon launched its Brand Registry program, which provides trademark owners with tools to identify and report potentially infringing products and content in the Amazon Store. Dkt. 1 ¶¶ 34–35. To enroll in Brand Registry, an applicant must possess an active trademark registration or, in certain circumstances, a pending trademark application. *Id*. ¶¶ 34, 47. Amazon verifies eligibility by sending a registration code to the email address listed for the attorney of record with the United States Patent and Trademark Office ("USPTO"). ¶ 47. The applicant must provide that code to Amazon to complete enrollment. *Id*. Once enrolled, Brand Registry participants may report suspected infringement through Amazon's "Report a Violation" tool. *Id*. ¶¶ 34–36. When Amazon receives an infringement notice, it may temporarily remove the allegedly infringing content or product listing from the Amazon Store. *Id*. ¶ 37.

Amazon alleges that Hao, an attorney licensed in California and Washington, participated in a scheme with several China-based trademark service providers to fraudulently obtain thousands of trademark registrations for their clients. *Id*. ¶¶ 2-3, 13,

48-49, 54-56. These service providers included defendants Shenzhen Seller Growth Network Technology Co., Ltd., Shenzhen Qianhai Bishengdao Network Tech. Co., Ltd., and Shenzhen Quianhai Be-Victory Network Technology Co., Ltd. (collectively, "Shenzhen Seller Growth"), and Xingyue Technology Ltd. Co. ("Xingyue"). *Id*. ¶ 2. Amazon alleges that Hao permitted the service providers to use her name, credentials, and electronic signature to prepare and file trademark applications with the USPTO, even though she did not adequately review or personally sign the applications. *Id*. ¶¶ 50, 55–56, 64–65, 82–85.

According to the complaint, these arrangements were designed to circumvent the USPTO's requirement that foreign-domiciled trademark applicants be represented by a U.S.-licensed attorney. *Id*. ¶¶ 3, 51–53. Between 2019 and 2021, Hao was listed as the attorney of record on more than 5,000 trademark applications, and Amazon asserts that the owners of more than 4,000 of those marks subsequently applied for Brand Registry accounts. *Id*. ¶ 50. Amazon alleges that Hao knew or should have known that her clients were using the trademark applications to gain access to Brand Registry because email addresses associated with her attorney-of-record listings received thousands of Brand Registry verification codes from Amazon. *Id*. ¶ 54. Amazon further alleges that some of the resulting Brand Registry accounts were used to submit fraudulent infringement notices targeting legitimate product listings. *Id*. ¶¶ 48–50, 69.

On April 27, 2022, the USPTO issued a Final Order sanctioning Hao and suspending her from practice before the USPTO for six months.[1] *Id.* ¶ 57. The order identified twelve violations of the USPTO's rules of professional conduct, including Hao's failure to perform the legal work required of the attorney of record, her authorization of third parties to sign trademark applications and declarations using her name, and her failure to retain control over the filing process. *Id.* ¶¶ 55–58. The USPTO also found that Hao knowingly permitted third parties to submit documents bearing her signature with the understanding that the USPTO would rely on those documents in examining applications and issuing registrations. *Id.* ¶ 58. The Washington Supreme Court subsequently imposed reciprocal discipline, and the California Supreme Court also suspended Hao from practicing law for two years. *Id.* ¶ 59.

The complaint identifies two trademarks allegedly obtained through this scheme that were subsequently used to submit fraudulent infringement notices to Amazon. The

[1] In deciding a motion to dismiss, the Court may consider documents incorporated by reference into the complaint and matters of public record without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003). The USPTO's Final Order is a public administrative record that is extensively referenced and quoted in the Complaint. Dkt. 1 ¶¶ 55–59 & n.10. The Court may therefore consider the Order's existence and contents, although it may not take judicial notice of the truth of reasonably disputed facts contained therein. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

first, HONGID, was the subject of an application filed by Shenzhen Seller Growth on behalf of defendant Jiahong Chen on December 22, 2019, listing Hao as attorney of record. *Id*. ¶ 87. The USPTO registered the mark on July 7, 2020. *Id*. Amazon alleges that the application falsely represented that Hao had prepared, reviewed, and signed the application and its supporting declaration. *Id*. ¶¶ 90–92. The application also included an allegedly fabricated specimen depicting a projection lamp bearing the HONGID mark. *Id*. ¶ 93. On July 11, 2020, Jiahong Chen and defendant Shanhong Chen applied for a Brand Registry account using the HONGID trademark. *Id*. ¶¶ 88, 121. Between March 2024 and April 2025, they submitted more than 100 infringement notices through that account, at least 50 of which Amazon determined were fraudulent. *Id*. ¶ 122. Some of these notices resulted in the temporary removal of product listings from the Amazon Store. *Id*. ¶¶ 125–127. The USPTO subsequently cancelled the HONGID registration on August 6, 2025, following proceedings concerning Shenzhen Seller Growth's misconduct. *Id*. ¶ 77.

The second trademark, JGAUZNR, was the subject of an application allegedly filed by Xingyue on April 25, 2021, on behalf of defendant Shenzhen NuoMa Industrial Design Co., Ltd. ("Shenzhen NuoMa"), again listing Hao as attorney of record. *Id*. ¶ 103. The application allegedly contained false declarations concerning Hao's review and approval and a fabricated specimen depicting a bicycle bell offered for sale on a website that Amazon characterizes as a fraudulent specimen farm. *Id*. ¶¶ 106–111. On April 30, 2021,

while the application was still pending, Shenzhen NuoMa and defendant Yi Zhang applied for a Brand Registry account using the JGAUZNR trademark application. *Id*. ¶¶ 104, 130. The USPTO subsequently registered the trademark on April 12, 2022. *Id*. ¶ 103. In February 2023, the JGAUZNR Defendants submitted more than 430 infringement notices through their Brand Registry account. *Id*. ¶ 131. Amazon alleges that these notices falsely claimed infringement and, in some instances, followed the defendants' manipulation of legitimate product listings to create the appearance of infringement. *Id*. ¶¶ 133–136. Amazon claims that it temporarily removed content from certain product listings in reliance on these notices. *Id*. ¶ 134.

Amazon claims it incurred investigative and remedial expenses, suffered injury to its reputation and goodwill, and sustained other economic harm as a result of this fraudulent trademark-registration scheme. *Id*. ¶¶ 10, 41, 161, 183. Amazon asserts four claims against Hao: violation of Washington's Consumer Protection Act ("WCPA") (Third Claim), common law fraud (Fifth Claim), and two claims under the Lanham Act for fraudulent procurement of the JGAUZNR and HONGID trademark registrations (Seventh and Eighth Claims, respectively). Dkt. 1 ¶¶ 155–162, 173–183, 195–206.

Hao moves to dismiss all claims against her pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 32. She argues that Amazon lacks Article III standing, that the complaint fails to plead fraud with the requisite particularity or adequately allege causation, and that

neither the Lanham Act nor the WCPA authorizes liability for her alleged conduct. She further contends that Amazon's Lanham Act claims improperly intrude upon the USPTO's regulatory authority and that the claims are barred by the applicable statutes of limitations and laches. Finally, Hao argues that the lawsuit violates Federal Rule of Civil Procedure 11, constitutes an abuse of process, and contravenes public policy.

## LEGAL STANDARD

In evaluating a facial challenge to standing under Rule 12(b)(1) and a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). To survive dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint and is not a vehicle for resolving disputed issues of fact. *See City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020).

## DISCUSSION

### A. Amazon Has Article III Standing

Article III of the United States Constitution limits federal court jurisdiction to "Cases" and "Controversies," restricting federal courts to redressing or preventing actual or imminently threatened injuries caused by violations of law. *Summers v. Earth Island Institute*, 555 U.S. 488, 492 (2009). To establish Article III standing, a plaintiff must demonstrate (i) that it has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024).

Hao argues that Amazon lacks Article III standing because it "has failed to allege a concrete injury traceable to [her] conduct" and that "Amazon's purported damages—internal investigative costs, administrative efforts, and harm to third-party sellers—are self-imposed corporate expenditures, not judicially cognizable injuries." Dkt. 32 at 11 (emphasis removed). Hao is mistaken. The complaint alleges that the fraudulent trademark applications facilitated by Hao enabled third parties to gain unauthorized access to Amazon's Brand Registry and submit false infringement notices, resulting in the removal of legitimate product listings from the Amazon Store, and thereby, the loss of sales of those products. Amazon further alleges that it expended significant resources investigating

and addressing the resulting misconduct and that the fraudulent takedowns harmed its reputation, goodwill, and business interests. These allegations, accepted as true for purposes of this motion, sufficiently establish an injury in fact. *See All. for Hippocratic Med.*, 602 U.S. at 381 (recognizing monetary injury and injury to property as cognizable injuries); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (recognizing reputational harm as a concrete injury).

Likewise, the complaint adequately alleges that Amazon's injuries are traceable to Hao's conduct. Contrary to Hao's assertion, traceability does not require Amazon to establish that Hao was the final actor in the chain of harm. *O'Handley v. Weber*, 62 F.4th 1145, 1161 (9th Cir. 2023) ("[T]he traceability requirement is less demanding than proximate causation, and thus the causation chain does not fail solely because there are several links or because a single third party's actions intervened.") (internal quotation marks omitted). The involvement of third parties in the causal chain does not necessarily defeat standing, provided their actions do not break the causal connection between the defendant's conduct and the alleged injury. *See Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 953 (9th Cir. 2013). Here, Amazon alleges that Hao knowingly facilitated the filing of fraudulent trademark applications, that those applications enabled her clients to obtain access to Brand Registry, and that certain clients subsequently used that access to submit fraudulent takedown notices that caused Amazon

injury. At this stage of the proceedings, these allegations establish a sufficiently plausible causal connection between Hao's alleged conduct and Amazon's injuries to satisfy Article III's traceability requirement.[2]

The Court therefore concludes that Amazon has adequately established Article III standing for purposes of the present motion.

**B. Amazon Has Adequately Pleaded Fraud and Causation**

Hao argues that Amazon failed to allege fraud with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). Her argument primarily focuses on the common-law fraud claim (Fifth Claim), but her underlying contention that Amazon failed to identify particular fraudulent representations attributable to her also implicates the WCPA claim (Third Claim) and the Lanham Act claims (Seventh and Eighth Claims).

Rule 9(b) requires that allegations of fraud "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Amazon has met this pleading requirement. The complaint identifies the applications to register the HONGID and JGAUZNR trademarks, the dates on which they were filed, and the entities that submitted them using Hao's name and credentials. It

---

[2] Hao does not challenge redressability.

further alleges that the applications contained declarations falsely representing that Hao had reviewed and approved the filings, that the trademarks were being used in commerce, and that the accompanying specimens demonstrated such use. The complaint explains why these representations were allegedly false and asserts that both the USPTO and Amazon relied on them. These allegations sufficiently identify the circumstances of the alleged fraud. Hao's denials and explanations, including her contention that the USPTO disciplinary findings do not establish intentional fraud, do not establish that the complaint fails to plead fraud with particularity. Moreover, Hao's knowledge and intent may be alleged generally under Rule 9(b). *See Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).

Hao also argues that Amazon has not sufficiently alleged causation because the subsequent misconduct of her clients constituted a superseding cause that broke the chain of proximate causation. Under Washington law, whether an intervening act constitutes a superseding cause is generally a question of fact, although the issue may be resolved as a matter of law when reasonable minds could not differ as to the foreseeability of the intervening conduct. *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 613 (2011); *Adgar v. Dinsmore*, 26 Wn. App. 2d 866, 881-82 (2023). Here, Amazon alleges that Hao knowingly facilitated fraudulent trademark registrations to enable her clients to obtain access to Brand Registry and that she knew certain clients intended to use that access to

engage in abusive conduct, including submitting false takedown notices. Because the subsequent misuse of Brand Registry was among the harms allegedly contemplated by the fraudulent registration scheme, the Court cannot conclude at this stage that the intervening conduct of Hao's clients necessarily constituted a superseding cause relieving her of liability.

**C. Amazon Has Sufficiently Alleged the Lanham Act Claims**

15 U.S.C. § 1120 provides that "[a]ny person who shall procure registration in the [USPTO] of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." To state a claim under § 1120, a plaintiff must allege a material misrepresentation, knowledge of its falsity, intent to induce reliance, reasonable reliance, and damages proximately resulting from that reliance. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000); *see also Amazon.com v. Morton*, 2026 WL 733773, at *5 (W.D. Wash. Mar. 16, 2026). As discussed above, Amazon has adequately alleged that Hao knowingly participated in the submission of fraudulent trademark applications, that the USPTO relied on the misrepresentations in issuing the HONGID and JGAUZNR registrations, and that Amazon suffered damages as a result. The Court therefore concludes that Amazon has sufficiently alleged its claims under § 1120.

Hao also argues that the § 1120 claims improperly intrude upon the USPTO's regulatory authority because they are "premised on alleged misconduct occurring during trademark prosecution before the USPTO, an area Congress entrusted primarily to the USPTO's administrative authority." Dkt. 32 at 20–21. This argument is unpersuasive. Section 1120 expressly authorizes a private civil action for damages resulting from the fraudulent procurement of a trademark registration. The USPTO's authority to investigate and discipline attorneys practicing before it does not displace that statutory remedy. Nor does the primary jurisdiction doctrine require dismissal. That doctrine permits courts, in appropriate circumstances, to defer resolution of issues requiring an agency's specialized expertise. *Syntek Semiconductor Co. v. Microchip Technology, Inc.*, 307 F.3d 775, 780–81 (9th Cir. 2002). Here, the USPTO has already concluded its disciplinary proceedings against Hao, and Amazon seeks to establish civil liability under a statute expressly authorizing such claims. Hao has identified no unresolved issue requiring referral to the USPTO. Accordingly, the Court declines to invoke the primary jurisdiction doctrine.

**D. Amazon Has Stated a Viable WCPA Claim**

To state a claim for violation of the WCPA, Amazon must plausibly allege "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 37 (2009) (citing *Hangman Ridge*

*Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986)). In addition to her causation argument, addressed above, Hao challenges the second element, contending that her "legal representation before the USPTO and compliance with federal trademark procedures" are "not consumer-oriented marketplace conduct directed at Amazon and do not constitute 'trade or commerce' within the meaning of the CPA." Dkt. 32 at 22–23.

Although the provision of professional legal services generally does not constitute "trade or commerce" under the WCPA, "certain entrepreneurial aspects of the practice of law" may fall within the statute's reach. *Short v. Demopolis*, 103 Wn.2d 52, 60–61 (1984). These include the business aspects of practicing law, such as obtaining clients and generating profits, as distinguished from the competence and strategy involved in providing legal services. *Id*. at 61–62; *Eriks v. Denver*, 118 Wn.2d 451, 464–65 (1992). While the complaint alleges that Hao failed to perform the legal work required of an attorney of record, Amazon's WCPA claim is not limited to the adequacy of her professional services. Rather, Amazon challenges the business arrangements through which Hao allegedly permitted trademark service providers to use her name and credentials to file thousands of applications for financial benefit. These allegations plausibly implicate the entrepreneurial aspects of Hao's practice rather than merely her professional judgment or competence. Moreover, the WCPA does not require Amazon to have been a consumer of Hao's services or to have had a business relationship with her.

*Panag*, 166 Wn.2d at 40. Accordingly, the Court concludes that Amazon has sufficiently alleged conduct occurring in "trade or commerce" to sustain the WCPA claim against Hao.

**E. Hao's Remaining Arguments**

Hao's remaining arguments are equally unpersuasive. She contends that Amazon's claims are time-barred because her alleged misconduct occurred between 2019 and 2021, several years before Amazon filed this action in October 2025. But the dates of Hao's alleged misconduct do not necessarily establish when Amazon's claims accrued. The complaint alleges that Amazon suffered injuries resulting from fraudulent takedowns in February 2023 and between March 2024 and April 2025. Dkt. 1 ¶¶ 122, 131. Nothing on the face of the complaint establishes that Amazon's claims accrued outside the applicable limitations periods. *See United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (dismissal under Rule 12(b)(6) on statute-of-limitations grounds is appropriate only when the running of the limitations period is apparent on the face of the complaint). Nor has Hao established that the claims are barred by laches, which requires unreasonable delay in filing suit and resulting prejudice. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002). Finally, Hao's assertions that this lawsuit violates Rule 11, constitutes an abuse of process, and contravenes public policy provide no basis for dismissal. Her remaining assertions of

improper motive and public-policy concerns do not undermine the sufficiency of Amazon's allegations. Accordingly, none of Hao's remaining arguments warrants dismissal.

**CONCLUSION**

For the foregoing reasons, the Court HEREBY DENIES Hao's renewed motion to dismiss the claims against her (Dkt. 32).

Dated this 23rd day of October 2026.

Robert S. Lasnik
United States District Judge