The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KATHY Q. HAO, *et al.*,<br><br>Defendants. | NO. 25-cv-2000-RSL<br><br>**ORDER GRANTING MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT KATHY Q. HAO** |

Before the Court is plaintiffs Amazon.com, Inc. and Amazon.com Services LLC's ("Amazon") motion to compel discovery responses from defendant Kathy Q. Hao ("Hao"). Dkt. 38. Amazon requests an order compelling Hao to respond to certain discovery requests and awarding reasonable attorney's fees. Hao did not respond to the motion. Having reviewed the motion, the supporting declaration and exhibits, the record

of the case, and the relevant legal authority, the Court grants the motion for the following reasons.

Amazon instituted this action against Hao and several other defendants, alleging that they participated in a scheme to procure fraudulent trademark registrations from the United States Patent and Trademark Office ("USPTO") that were used to obtain access to Amazon's Brand Registry program and submit fraudulent takedown notices concerning products listed in the Amazon.com store. On April 2, 2026, Amazon served Hao with 38 Requests for Production of Documents ("RFPs") and 24 Interrogatories. Dkt. 39 ¶ 2, Exs. A-B. Five of those requests are the subject of this motion. They seek information and documents concerning investigations and disciplinary proceedings involving Hao's trademark-registration practices. Specifically, Amazon seeks:

- "All documents and communications relating to any USPTO investigation, disciplinary action, show-cause order, or sanctions involving You, Seller Growth, or any Trademark Service Providers." (*Id.* Ex. A, RFP 25);

- "All documents You submitted to, or received from, the USPTO, Washington Supreme Court, or California Supreme Court in connection with any disciplinary proceedings, investigation, show-cause order, or sanctions." (*Id.* Ex. A, RFP 26);

- "All communications between You and the USPTO, Washington Supreme Court, or California Supreme Court relating to any disciplinary proceedings, investigation, show-cause order, or sanctions." (*Id.* Ex. A, RFP 27);

- "Describe all steps You took, if any, after learning of any USPTO investigation, show cause order, sanction, or disciplinary issue relating to the conduct alleged in the Complaint to notify clients, correct the USPTO record, prevent further use of Your credentials, prevent misuse of Brand Registry, or prevent further fraudulent filings." (*Id.* Ex. B, Interrogatory 20); and

- "Identify all documents You produced to the USPTO in connection with any USPTO investigation, show cause order, sanction, or disciplinary issue relating to the conduct alleged in the Complaint." (*Id.* Ex. B, Interrogatory 22).

*Id.* ¶ 6, Exs. A-B.

On May 15, 2026, Hao served responses to Amazon's discovery requests, asserting various objections based on relevance, privilege, and possession or control, but producing no documents. *Id*. ¶ 3. Following Amazon's July 2, 2026 deficiency letter and an August 20, 2026 meet-and-confer conference, Hao served amended responses and produced 142 pages of documents, none of which addressed the USPTO or state disciplinary proceedings at issue in this motion. *Id*. ¶¶ 4–7. Hao has not produced a privilege log.

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery concerning any nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. When a party fails to answer an interrogatory or to produce documents as requested, the requesting party may move to compel responses. Fed. R. Civ. P. 37(a)(3). The party opposing discovery bears the "burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with

competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quotations omitted) (collecting cases). Moreover, a party's failure to oppose a motion may be considered an admission that the motion has merit. LCR 7(b)(2); *see also Zhu v. Wang*, 2026 WL 449475, at *1 (W.D. Wash. Feb. 17, 2026) (treating failure to timely oppose a motion to compel as a concession that the motion had merit).

The Court has reviewed the discovery requests and Hao's objections and concludes that Amazon is entitled to the requested discovery. The Court rejects Hao's contention that discovery must be limited to the HONGID and JGAUZNR trademarks. Amazon alleges a broader pattern of fraudulent trademark-registration practices, and investigations or disciplinary proceedings involving substantially similar conduct may bear on Hao's knowledge, intent, and participation in the alleged scheme. Accordingly, discovery concerning such proceedings is relevant even if they involved other trademark applications, applicants, or service providers. The Court construes RFPs 25-27 as seeking materials concerning the trademark-registration practices at issue in this litigation or substantially similar conduct, rather than wholly unrelated disciplinary matters.

Nor do Hao's privilege and possession objections justify withholding the requested discovery. Hao cannot invoke the attorney-client privilege to shield documents and communications that she or her counsel voluntarily disclosed to the USPTO or state disciplinary authorities. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–29 (9th Cir.

2012) (holding that voluntary disclosure of privileged documents to the government waives the attorney-client privilege). Nor can she categorically refuse to obtain responsive materials held by the attorney who represented her in those proceedings. *See King County v. Viracon, Inc.*, 2022 WL 782572, at *3 (W.D. Wash. Mar. 15, 2022) ("It is well-established that documents in the possession of a party's attorney are deemed to be in the party's possession."). Hao must therefore conduct a reasonable search, including requesting responsive records from her former counsel, produce responsive nonprivileged materials, and provide a privilege log identifying any documents withheld under Rule 26(b)(5)(A). If responsive documents cannot be obtained, she must explain the efforts undertaken to obtain them and why they are unavailable.

Amazon also requests $15,000 in attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Because Hao's failure to provide adequate discovery responses necessitated this motion, and she has offered no substantial justification for that failure, an award of reasonable expenses is warranted. *See Zhu v. Wang*, 2026 WL 449475, at *1 (W.D. Wash. Feb. 17, 2026).[1] The Court nevertheless finds the requested amount excessive. Although

---

[1] Rule 37(a)(5)(A) requires that a party be given an opportunity to be heard before attorneys' fees are awarded. Here, Amazon expressly requested $15,000 in attorneys' fees and submitted a supporting declaration and billing records with its motion. Dkts. 38, 39. Hao therefore had notice of the fee request and an opportunity to challenge it in her

Amazon voluntarily reduced its fee request from the $35,683 reflected in counsel's billing records, those records include substantial time devoted to discovery disputes beyond the five requests at issue here. Dkt. 39, Ex. H. The records also reflect extensive review and revision of a relatively straightforward motion by multiple attorneys billing between $420 and $1,220 per hour. *Id*. While the Court recognizes that pre-motion efforts to resolve the dispute and attorney involvement in preparing the motion were necessary, the Court concludes that the work reasonably attributable to this discrete discovery dispute could have been accomplished with substantially fewer hours and less senior-attorney involvement. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (recognizing district courts' discretion to exclude excessive or redundant hours when determining reasonable attorney's fees).

Having considered the scope and complexity of the dispute, the Court finds that approximately 12 hours of attorney work at the $420 hourly rate reflected in Amazon's own billing records would reasonably compensate the work necessary to obtain the relief granted. Accordingly, the Court awards Amazon $5,000 in attorney's fees.

---

response to the motion, but did not do so. The Court finds that Rule 37's opportunity-to-be-heard requirement has been satisfied.

For the foregoing reasons, Amazon's motion to compel (Dkt. 38) is GRANTED as follows:

1. Within 21 days of the date of this Order, Hao shall produce all nonprivileged documents responsive to RFPs 25–27, as construed above, and serve complete supplemental written answers to Interrogatories 20 and 22. Her production shall include responsive documents within her possession, custody, or control, including those obtainable from her former counsel. Hao shall also provide a privilege log identifying any responsive documents withheld on the basis of privilege. If responsive documents cannot be obtained, Hao shall explain the efforts undertaken to obtain them and why they are unavailable.

2. Within 30 days of the date of this Order, Hao shall pay Amazon $5,000 in attorney's fees incurred in bringing this motion.

Dated this 23rd day of October 2026.

Robert S. Lasnik
United States District Judge